UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIELLE OHLHUES,

        Plaintiff,

-vs-                                              Case No. 6:04-cv-1168-Orl-22JGG

MARC BRASHEAR,

        Defendant.

_____

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| MOTION: | JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 25) |
| FILED: | August 2, 2005 |
| THEREON it is **RECOMMENDED** that the motion be **DENIED**. | |

Plaintiff Danielle Ohlhues sued Marc Brashear for violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA"),[1] for allegedly failing to pay him overtime wages. The parties have signed a written Agreement and Release of all Claims ("Settlement Agreement") and ask the Court to approve the settlement and to dismiss Plaintiff's case with prejudice.

---

[1] Plaintiff's complaint also alleged a claim for unpaid wages under Chapter 448 of the Florida Statutes.

Court approval of the settlement is required for an effective waiver of Ohlhues' wage claims under the FLSA. *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).[2] Before the Court may approve the settlement, it is obligated to scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55.

Each party was independently represented by counsel and, based on the amount to be paid to Ohlhues, there is no suggestion of collusion. The Court finds that the amounts to be paid to Ohlhues as back wages and liquidated damages are a fair and reasonable resolution of a bona fide dispute.

An award of attorneys' fees is mandatory under § 216(b) if the employer is held liable. The Court is satisfied that the payment of $6,000 for Ohlhues' attorneys' fees as part of the settlement would be fair and reasonable.

There are, however, two aspects of the Settlement Agreement that cause the Court to disapprove the settlement. First, there is an internal inconsistency in the Settlement Agreement between the second paragraph, which approves payment of Plaintiff's attorneys' fees, and the fourteenth paragraph, which states each side is to bear its own fees and costs. Second the Court is concerned that if the Court approves the Settlement Agreement, which contains a confidentiality agreement in paragraph 7, it may be interpreted as a confidentiality order by the Court. The Court will not enter a confidentiality order absent a showing of good cause. Indeed, the Settlement Agreement already has been made a part of the public record.

---

[2] Wage claims under the FLSA can by compromised in only two ways. First, the Secretary of Labor may supervise the payment to employees of the unpaid wages under § 216(c). Second, the employee may bring a private action for unpaid wages and present to the district court a proposed settlement. *Lynn's Food Stores*, 679 F.2d at 1352-53.

The Court should deny without prejudice the parties' request to dismiss the case. After correcting the above problems, the parties may renew their motion to dismiss.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 10, 2005.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy